AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| **v.** | ) |
| | ) Case No.    5:26-MJ-140 (ML) |
| | ) |
| | ) |
| **ALEXANDRA GARAND** | ) |
| | ) |
| **Defendant** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On

or about the date(s) of March 14, 2026 in the county of Oneida in the Northern District of New York the defendant

violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 864 | Distribution and Possession with Intent to Distribute Controlled Substances and Conspiracy to Commit Those Offenses |

This criminal complaint is based on these facts:
See Attached Affidavit

☒    Continued on the attached sheet.

*Matthew D. Haddad*

*Complainant's signature*

Matthew Haddad, Special Agent

*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:    June 16, 2026

*Judge's signature*

City and State:    Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**AFFIDAVIT IN SUPPORT
OF A CRIMINAL COMPLAINT**

I, Matthew Haddad, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.　　I make this affidavit in support of a criminal complaint charging Alexandra GARAND ("GARAND") with a violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (distribution and possession with intent to distribute controlled substances and conspiracy to commit those offenses), as more fully described below.

2.　　I am a Special Agent employed by the United States Department of Justice, Federal Bureau of Investigation ("FBI"), and as such I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Chapter 63. I have been a Special Agent with the FBI since March 2020. I am currently assigned to the FBI's Albany Division where I investigate all federal criminal violations including drug violations and violent crimes. During the investigation of these cases, I participated in the execution of search warrants and seized evidence of these violations, including electronic evidence.  I have also previously served on numerous occasions as the affiant for such search warrants.  In addition, I have received formal training in the area of violent crimes.

3.　　The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me concerning this investigation. Rather, I have set forth only those facts that I

believe are necessary to establish probable cause to believe that GARAND has violated the Subject Offenses as described herein.

## PROBABLE CAUSE

1.     On March 14, 2026, at approximately 12:50 AM, New York State ("NYS") Department of Corrections and Community Supervision ("DOCCS") employees detected a drone in the air near the Marcy Correctional Facility ("MCF"), located at 9000 Old River Road, Marcy NY 13403.  The drone released a package it was carrying, and the package fell to the ground between two dormitory buildings inside the facility.  DOCCS personnel responded to the area, recovered the package, and determined that it contained, among other items, approximately 530 grams of suspected marijuana; two (2) eight-inch knives; five (5) sheets of synthetic spray paper; and one (1) cell phone.  Due to the nature of the items recovered, it is believed that the package's contents were intended to be introduced into MCF for inmate possession and distribution.  DOCCS personnel subsequently located the drone on the ground outside of the MCF fence line, and it too was seized as evidence.

2.     Federal Bureau of Investigation ("FBI") personnel conducted a digital forensics analysis of the recovered drone.  The analysis identified GPS location data, establishing that the drone had been previously operated at a residential address in Amsterdam, New York.  According to law enforcement records and other publicly available information, GARAND was a resident at that address.  NYS DOCCS records also identified that GARAND has a documented history of frequent contact, communication, and visitation with Isaiah Pleasant, an inmate currently housed at MCF.  The drone had dropped the contraband package 50 feet or less from Pleasant's dormitory

building at MCF.  Pleasant had previously listed GARAND as an emergency contact, indicating she was his girlfriend and providing the same Amsterdam address as GARAND's residence.

3.     New York State Police ("NYSP") investigators identified a gray Nissan Pathfinder (the "Pathfinder") as a vehicle likely regularly operated by GARAND.  Investigators utilized NYSP license plate reader ("LPR") technology to determine whether the Pathfinder had been near MCF on the date in question.  On March 14, 2026, the night the contraband was dropped at MCF, at approximately 12:14 AM, LPR cameras captured the Pathfinder traveling westbound on a NYS thruway in the area of Frankfort, New York.  This location is an approximately 15-minute drive from MCF.  On that same date, at approximately 1:06 AM, the same LPR system captured the Pathfinder traveling eastbound in the opposite direction away from MCF.  The drone released the contraband into MCF at approximately 12:50 AM.  The timing and travel pattern of the Pathfinder is consistent with the timeline of the reported drone activity, contraband drop, and vehicle activity at MCF.  It is also consistent with the Pathfinder having been driven from the Amsterdam area to MCF and then back again.

4.     Purchase records were obtained by subpoena from Xpece, the drone manufacturer. The records confirmed that on or about February 15, 2026, GARAND purchased a drone of the same make and model as the drone recovered near MCF.  On June 8, 2026, your affiant contacted the FAA and confirmed that the drone was not registered with the FAA and that GARAND was not registered to fly the drone as required.  A New York State crime laboratory tested the suspected marijuana and confirmed the substance was marijuana.  The spray paper was also tested, and the lab identified the presence of 5-Fluoro-ADB and MDMB-4en-PINACA, which are synthetic cannabinoids and Schedule I controlled substances.

3

5.     On June 12, 2026, agents presented an application for a federal search warrant, seeking to search GARAND's Amsterdam residence, GARAND's person, and the Pathfinder, to U.S. Magistrate Judge Hon. Miroslav Lovric. Judge Lovric reviewed the application and issued the proposed warrant (Case No. 5:26-SW-153 (ML)). On June 15, 2026, your affiant, together with other federal and local law enforcement personnel, executed the search warrant. GARAND was encountered outside of her residence and agreed to travel with your affiant and other law enforcement officials (collectively, the "interviewing Agents") to the NYSP Fonda office to be interviewed.

6.     At the outset of the recorded interview at the NYSP office, GARAND was provided her *Miranda* warning. GARAND indicated she understood her rights and agreed to speak with interviewing Agents. During the interview, GARAND admitted to having purchased the drone ultimately used at MCF on March 14, 2026, and stated she had done so at Isaiah Pleasant's direction. She also admitted purchasing the knives, cell phone, and other items ultimately discovered in the contraband package, also at Pleasant's direction.

7.     GARAND stated that on the evening of March 14, 2026, she drove the Pathfinder to pick up two co-conspirators whose identity is known to law enforcement, Co-Conspirator 1 and Co-Conspirator 2 (hereinafter, "CC1" and "CC2"). CC1 entered the Pathfinder with the drone that GARAND had previously purchased as well as the contraband package, which was already assembled for the intended contraband drop. GARAND drove the Pathfinder to the area near MCF and said she dropped off CC1 and CC2 at a building across the street from the facility. GARAND waited in the Pathfinder at a building down the street. GARAND said that CC1 was going to operate the drone and conduct the contraband drop, while CC2 would act as lookout. Shortly after

4

dropping off CC1 and CC2, GARAND said she observed CC1 and CC2 running back toward the vehicle.  They entered the vehicle and instructed GARAND to drive away.  GARAND stated that CC1 was speaking with a voice she recognized as Pleasant's on a cell phone, and GARAND heard Pleasant say that the drone had crashed.

8.      GARAND said she drove CC1 and CC2 back to her Alexandra residence.  She claimed CC1 left the drone's electronic controller in the Pathfinder's trunk.  Later, GARAND moved the controlled from the Pathfinder to a cabinet in her kitchen.  The controller was found and seized pursuant to the residential search warrant execution.

## **CONCLUSION**

9.      Based on the foregoing, there is probable cause to believe Alexandra GARAND has violated 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (distribution and possession with intent to distribute controlled substances and conspiracy to commit those offenses). I respectfully request that a criminal complaint be issued pursuant to these violations of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*Matthew D. Haddad*

Matthew Haddad, Special Agent
Federal Bureau of Investigation

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by videoconference on June 16, 2026, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_Miroslav Lovric_

Hon. Miroslav Lovric
United States Magistrate Judge